FILED
NOV 0 6 2006
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 06-30134-01-WDS |
| ) | |
| PRACTICAL MARKETING, INC., ) | |
| ) | |
| Defendant. ) | |

### PLEA AGREEMENT

The attorney for the Government and the attorney for the Defendant have engaged in discussions and have reached an agreement pursuant to Federal Rule of Criminal Procedure 11. As a result of that agreement, the Defendant intends to plead guilty in this case. The full and complete Plea Agreement is as follows:

I.

1. Defendant, through its authorized representatives, will cooperate fully with the United States.

2. Defendant also agrees and acknowledges that its obligation to cooperate requires the corporation, through an authorized representative, upon request, to provide complete and truthful information to any Federal or State law enforcement agencies concerning any criminal activity about which the corporation is aware. Defendant agrees that any such information provided to law enforcement agencies will be complete and truthful.

3. Besides the foregoing, the Defendant will do all things deemed necessary by the United States Attorney and/or any law enforcement agents to assist law enforcement personnel in their investigations into activities in which the Defendant knows. Practical



Marketing, Inc. agrees and acknowledges that such cooperation shall include, but not be limited to, the following, if requested by Practical Marketing, Inc.:

(a) prompt production to the United States of any non-privileged document or record in the possession, custody, or control of Practical Marketing, Inc. relating to the subject matter of the investigation;

(b) prompt production to the United States of copies of all reports, memoranda of interview, and other documents in its possession, custody, or control concerning any investigation of the subject matter of the Information which Practical Marketing, Inc. has undertaken, or which has been performed by its counsel or other agent, and waives any rights or privileges which otherwise apply to such production.

(c) taking all reasonable measures available to Practical Marketing, Inc. to ensure that present and former officers, directors, agents, and employees of Practical Marketing, Inc. cooperate truthfully and completely with the United States in conjunction with ongoing investigations and prosecutions, including any non-attorney personnel who participated in or conducted any internal investigation of the subject matter of the Information; and,

(d) taking all reasonable measures available to Practical Marketing, Inc. to make its officers, directors, and employees available to present testimony at any trial proceedings, where requested by the United States upon reasonable notice. Provided, however, notwithstanding any provision of this agreement, that Practical Marketing, Inc. is not required to request that its present or former officers, directors, or employees forego seeking the advice of an attorney, or take any action in response to their officers, directors, or employees seeking legal advice.

4. The Defendant and the Government both agree that, pursuant to the United States Sentencing Commission *Guidelines Manual*, § 1B1.8 [hereinafter "U.S.S.G."], information that the Defendant provides pursuant to its obligation to cooperate fully under the terms of this agreement shall not be used in determining Defendant's applicable guideline range.



5. Defendant will not be prosecuted in the Southern District of Illinois for any other crimes now known to the Government or to become known to the Government by virtue of Defendant's cooperation. Practical Marketing Inc.'s material compliance with all terms of this Plea Agreement, the United States Attorney's Office for the Southern District of Illinois agrees that, except for the criminal Information that is the subject of this Plea Agreement, the Office will not prosecute Practical Marketing, Inc. or any current or former officer, director or employee of any such entity, or the successors or assigns of any of them, for any criminal offenses now known by the U.S. Attorney's Office for the Southern District of Illinois, except that no release whatsoever is provided by this Plea Agreement for (i) Robert and Valerie DeSalvo or (ii) any individual employee who, in the sole discretion of the United States Attorney for the Southern District of Illinois, commits perjury, obstructs justice is subsequently indicted for perjury or obstruction of justice for conduct occurring during the course of related legal proceedings, or violates the terms and conditions of a pretrial diversion agreement entered this date. It is further understood that no action taken by the Government, pursuant to this paragraph, shall be grounds for the Defendant to withdraw its plea.

6. In conjunction with the provisions of paragraphs 1, 2, 3, and 4, herein above, Defendant specifically agrees and acknowledges that if it does not cooperate fully, then the United States is completely released from any obligation arising from this agreement and the Defendant is subject to full prosecution and punishment for any crime known to the Government at this time. It is further understood that no action taken by the Government, pursuant to this paragraph, shall be grounds for the Defendant to withdraw its plea.

3



7. Defendant acknowledges that it has been advised and does fully understand the following:

(a) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) that it has the right to plead not guilty or to persist in that plea if it has already been made, and it has the right to be tried by a jury[1] and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against it;

(c) that if it pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, it waives the right to a trial;

(d) that if it pleads guilty, the Court may ask it questions, through its authorized representative, about the offenses to which it has pleaded, and if the authorized representative answers these questions under oath, on the record, and in the presence of counsel, its answers may later be used against it in a prosecution for perjury or false statement;

(e) that if it pleads guilty, it will waive its right to persist in its plea of not guilty, to be tried by a jury, to have assistance of counsel at the trial, and to confront and cross-examine witnesses against it at trial;

8. Defendant agrees that this Plea Agreement and Stipulation of Facts constitutes the entire agreement between it and the United States and that no promises, inducements or representations, other than those specifically set forth in this Plea Agreement and Stipulation of Facts, were made to induce it to enter into this Plea Agreement and Stipulation of Facts.

9. It is further understood that this agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. <u>It is further</u>

---

[1] The government's position is that as a corporation not subject to imprisonment, defendant does not have either a constitutional or statutory right to a jury trial. By entering this plea agreement, defendant understands that it is waiving the right to argue that it has that right.



<u>understood that this Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.</u>

10.     Defendant understands that this offense is subject to Title 28, United States Code, Section 994(a). Defendant has been advised and understands that the Sentencing Guidelines are advisory and that the Court will consider the applicable Guidelines in conjunction with 18 U.S.C. § 3553(a), in determining the appropriate sentence.

11.     Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $400 per count as required by 18 U.S.C. § 3013(a)(1(B). Defendant agrees that it will pay the full amount of the special assessment prior to or at the time of sentencing.

12.     Defendant understands that the Court may impose a term of probation. *See* 18 U.S.C. § 3561(a); U.S.S.G. § 8D1.1.

13.     Defendant understands that the Court may impose a fine, and costs of supervision and that the Government will recommend the imposition of a fine. The estimated costs of such supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts dated March 31, 2004, are for supervision: $292.21 per month.

II.

1.      The Defendant will enter a plea of guilty to the one-count Information, charging identity theft, in violation of Title 18, United States Code, Section 1028(a)(7), with a maximum penalty that can be imposed of a $250,000 fine and up to five years probation. [handwritten: $500,000 sub]



2. The Government and Defendant submit to the Court that it appears that under the Sentencing Guidelines (2005 Manual), after all factors have been considered, Defendant's fine range will be $24,000 to $48,000, according to U.S.S.G. Chapter 8, Part C. The parties further agree that restitution is owing to the United States Postal Inspection Service in the amount of $4,250. The parties also agree that this is an appropriate case for either a remedial order pursuant to 8B1.2 or Community Service pursuant to 8B1.3, to consist of a payment to the United States Postal Inspection Service Consumer Fraud Fund in the amount of $100,000. Defendant also understands that it is also subject to the costs of victim notification pursuant to 8B1.4 and 5F1.4, as well as 18 U.S.C. §3555.      3.   The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C.

§ 3553(a), including the nature and circumstances of the offense(s) and the criminal history and characteristics of the Defendant.

4. The parties agree that pursuant to 8B1.1, the United States Postal Inspection Service is a victim for purposes of this guideline and is entitled to restitution in the amount it expended to purchase the financial information of consumers, which is $4,250.00.

5. The parties agree that pursuant to 8B1.2, a remedial order should be imposed as a condition of probation consisting of the payment of a sum of money to a fund administered by the U.S. Postal Inspection Service to combat consumer fraud, including telemarketing fraud, and that the appropriate amount is $100,000.



6.Alternatively, the parties agree that community service consisting of the payment of a sum of money as further described in the preceding paragraph, is appropriate pursuant to 8B1.3.

7The defendant understands that, pursuant to 18 U.S.C. §3555, it may be ordered to either notify victims of its conviction and give a reasonable explanation thereof, or reimburse the U.S. Postal Inspection Service and/or the U.S. Attorney's Office for the cost of notifying victims purusant to 8B1.4 and 5F1.4. The parties acknowledged that the cost of first class postage will be as much as $9,018.75. In the event that the Court orders a greater amount to be paid for victim notification, the government agrees to recommend that the fine be offset by the amount of the difference, pursuant to the provisions of 5F1.4. In the event that the Court orders that the defendant notify the victims pursuant to 18 U.S.C. §3555, defendant agrees to do so in the manner and form specified by the government, unless the Court orders otherwise.

8.The parties agree that defendant, as a condition of probation, should engage in a Compliance Program pursuant to 8B2.1, such program consisting of a prohibition of the sale or purchase of "full data leads," which includes consumer account information including bank account numbers and credit card numbers.

9.The parties agree that since the defendant is pleading guilty to an offense which, if committed by an individual, would be governed by 2B1.1, that the provisions of Chapter 8, Part C applies. The parties agree that defendant was not operated primarily for a criminal purpose or primarily by criminal means as described by 8C1.1. Pursuant to 8C2.3, the offense level of the within case is determined by 2B1.1. Defendant and the Government agree that the initial Guideline Offense Level in this case is 6 pursuant to U.S.S.G. §



U.S.S.G. § 2B1.1(a)(2). Since the loss in this case didn't exceed 5K, there is no adjustment under 2B1.1(b)(1). Since the personal financial information of more than 250 was purchased, there is an upward adjustment of 6 levels under 2B1.1(b)(2)(c), to an offense level of 12. As a result, the appropriate base fine is $40,000 pursuant to 8C2.4(d).

10.   Since defendant had fewer than 10 employees, nothing is added to the base culpability score of 5 points pursuant to 8C2.5(a). The parties agree that there was no obstruction of justice in this case and hence there is no adjustment to the culpability score pursuant to 8C2.5(e). The parties agree that defendant had no effective ethics or compliance program and hence there is no adjustment of the culpability scale pursuant to 8C2.5(f). The parties agree that defendant cooperated fully in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility, reducing the culpability score by 2 points from 5 to 3 pursuant to 8C2.5(g). . The parties therefore agree that, after all factors have been considered, defendant has a culpability score of 3, resulting in a minimum multiplier of 0.60 and a maximum multiplier of 1.20 pursuant to 8C2.6.. Applying the multipliers to the base fine of $40,000 results in a fine guidelines range of between $24,000 and $48,000 pursuant to 8C2.6 and 8C2.7. .

11.   The parties agree that there is no gain to the defendant not otherwise taken into account through restitution or other remedial measures and hence there is no adjustment pursuant to 8C2.9.

12.   Because of concessions already made in this plea agreement, the defendant understands that the government does not anticipate a further reduction of sentence under 8C4.1.



13. Pursuant to 18 U.S.C. § 3612(f), the Defendant acknowledges an obligation to pay interest on any ordered fine and restitution.

14. The Government and Defendant also submit to the Court that this submission is not intended to be binding on the Court and that the Court ultimately will determine the appropriate application of the United States Sentencing Guidelines after receiving the Presentence Report and giving both parties the opportunity to comment thereon. The Defendant expressly recognizes that, regardless of the appropriate application of the United States Sentencing Guidelines found by the Court, it will not be permitted to withdraw its plea. The Government and the Defendant agree their recommendations to the Court herein constitute the parties' good faith efforts to inform the Court of their beliefs as to the applicability of the United States Sentencing Guidelines and federal law to the relevant conduct of the offenses and acknowledge that it is the Court which is ultimately responsible for determining the appropriate sentence. The Government specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings.

15. Practical Marketing, Inc. affirmatively states that it has sufficient assets to pay the entire criminal fine, restitution, and remedial measures (including the proposed community service), and costs of victim notification (in the amounts recommended by the government) and that Practical Marketing, Inc. has obtained and received the approval of its Board of Directors to pay the subject criminal fine and restitution at the time of sentencing. Robert DeSalvo and Valerie DeSalvo additionally acknowledge and agree to personally guarantee Practical Marketing, Inc.'s payment of the fine, restitution and all other remedial measures and penalties and further agrees that if Practical Marketing, Inc. becomes



becomes delinquent or in default on payment of the fine, that the United States can collect on the judgment by enforcing the judgment directly against Robert DeSalvo personally. The government will recommend that the defendant and its personal guarantors be given up to twelve months to pay, in regular installments, any amount ultimately ordered by the Court to be paid as remedial measures or community service.

16.     The United States agrees not to seek an upward departure from the Guidelines. The agreement to not seek a departure from the Guidelines is not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law.

17.     The Defendant understands that by pleading guilty, the corporation is waiving all appellate issues that might have been available if it had exercised its right to trial. The Defendant states that it is fully satisfied with the representation it has received from its counsel, that through its authorized representatives, they have discussed the Government's case, possible defenses and have explored all areas which the Defendant has requested relative to the Government's case and its potential defenses.

18.     The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives its right to contest any aspect of its conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law.

10



19.     Defendant's waiver of its right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the defendant actually innocent of the charges covered herein, and 2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The Government reserves the right to oppose such claims for relief.

20.     Defendant's waiver of its appeal and collateral review rights shall not affect the Government's right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

21.     Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

22.     Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

11



### III.

1.  Each person who signs this Plea Agreement in a representative capacity warrants that he or she is duly authorized to do so and is bound by its terms, obligations and conditions. Practical Marketing, Inc. shall provide to the United States and to the Court a copy of a Corporate Acknowledgment of the Plea Agreement affirming that the Board of Directors of Practical Marketing, Inc. has given it signatory authority to enter into the Plea Agreement on behalf of Practical Marketing, Inc. and that it has done the following:

    (a)  consulted with legal counsel in connection with this matter;

    (b)  voted to authorize Practical Marketing, Inc. to plead guilty to the charge specified in the Plea Agreement; and,

    (c)  voted to authorize a corporate representative to execute the Plea Agreement and any and all other documents necessary to carry out the provisions of the Plea Agreement. Practical Marketing, Inc. further agrees that a duly authorized corporate officer and/or representative will appear on behalf of Practical Marketing, Inc. and will enter the guilty plea and will also appear for the imposition of sentence. A duly executed resolution of the Board of Directors of Practical Marketing, Inc., approving this Plea Agreement, is attached hereto as Exhibit A.

2.  No matters are in dispute.

### IV.

### **ELEMENTS OF THE OFFENSE**

1.  The Government and the Defendant submit the following as the legal elements of the

offense to which the Defendant is pleading, and the Defendant agrees that its relevant conduct has violated the elements of the offenses.

12



2.  To sustain the charge of Identity Theft, in violation of Title 18, United States Code, Section 1028(a)(7), the Government must prove the following propositions beyond a reasonable doubt:

> FIRST:  That the defendant transferred or used, without unlawful authority, a "*means of identification*" of another person.
>
> SECOND: That said transfer or use was with the intent to commit any unlawful act that constitutes a violation of federal law.
>
> THIRD:  That said transfer or use was knowing.

3.  Under Title 18, United States Code, Section 1028(d)(4), the term "*means of identification*" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, and includes an "access device." "Access device" includes bank account numbers and credit card numbers.

4.  Practical Marketing, Inc. is a corporation. A corporation may be found guilty of an offense. A corporation acts only through its agents and employees, that is, those directors, officers, agents, employees, or other persons authorized or employed to act for it.

5.  To sustain the charge of Identity Theft against Practical Marketing, Inc., a corporation, the government must prove the following propositions:

> FIRST:  The offense charged was committed by an agent or employee of Practical Marketing, Inc.;

13



SECOND: In committing the offense, the agent or employee intended, at least in part, to benefit Practical Marketing, Inc.;

THIRD: The acts by the agent or employee were committed within the authority or scope of his or her employment.

6. For an act to be within the authority of an agent or the scope of the employment of an employee, it must deal with a matter whose performance is generally entrusted to the agent or employee by Practical Marketing, Inc.

7. It is not necessary that the particular act was itself authorized or directed by Practical Marketing, Inc.

8. If an agent or an employee was acting within the authority or scope of his employment, a corporation is not necessarily relieved of its responsibility because the act was illegal, contrary to the corporation's instructions, or against its general policies.

RANDY G. MASSEY
Acting United States Attorney

_____          _____
PRACTICAL MARKETING, INC.                 BRUCE E. REPPERT
Defendant                                 Assistant United States Attorney
[through its authorized corporate representative]

_____          _____
ROBERT DESALVO, as authorized corporate   SUZANNE GARRISON
representative and personal guarantor of fine   Assistant United States Attorney

_____
VALERIE DESALVO, as authorized corporate
representative and personal guarantor of fine

_(signature)_
STEVEN R. BURK
Attorney for Defendant

Date: 11/06/06               Date: 11/6/06

